| | | |
|---|---|---|
| James E. Mclean, Jr., #17701-058, | ) | C/A No. 9:17-cv-02702-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Plaintiff's Motion for Summary Judgment, ECF No. 57, and Defendant's Motion for Summary Judgment, ECF No. 59. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On November 18, 2019, the Magistrate Judge issued a Report recommending that both Motions be denied. ECF No. 68. Plaintiff filed objections to the Report. ECF No. 72.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating

that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Plaintiff objects to the Report, contending he should be entitled to summary judgment. ECF No. 72. Although Plaintiff's objections are lengthy, Plaintiff substantively presents two objections. First, Plaintiff contends the Magistrate Judge failed to consider lay affidavits in evaluating Plaintiff's Motion. *Id*. at 1–2. Second, Plaintiff argues that the evidence is so one-sided that summary judgment is necessary. As to Plaintiff's first objection, the Court notes that the Magistrate Judge simply noted that the affidavits do not contain any expert medical evidence. ECF No. 68 at 16–17. The affidavits may very well illustrate the extent of the damages Plaintiff has suffered, but they do not help Plaintiff meet the burden of proving that he is entitled to summary judgment. Accordingly, this objection is overruled.

As to Plaintiff's second objection, the Court agrees with the Magistrate Judge that Dr. Spears' affidavit does not establish, by itself "*as an undisputed fact* that the BOP physicians and other medical professionals failed to exercise ordinary diligence and care in their treatment of Plaintiff's condition. *Id.* at 15–16. While the Court echoes the Magistrate Judge's concern that Defendant has not produced any medical evidence or expert testimony, the Court acknowledges that Defendant is correct in noting that "[t]he Court has not issued a Scheduling Order and the parties have not participated in the discovery process at this time and neither party has named any experts." ECF No. 58 at 4. Accordingly, the Court overrules Plaintiff's objections and adopts the Report's

recommendation that Plaintiff's [57] Motion for Summary Judgment be denied.  The Court has reviewed the remainder of the Report for clear error and finds none.

## CONCLUSION

Accordingly, the Court **ADOPTS** the Report and incorporates it herein by reference.  Plaintiff's Motion for Summary Judgment, ECF No. 57, and Defendant's Motion for Summary Judgment, ECF No. 59, are **DENIED**.  In light of Plaintiff's pro se status and the current procedural posture of this case, the Court will appoint counsel by separate order and enter a Scheduling Order.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 10, 2020
Spartanburg, South Carolina